### In re the LINCOLN ELECTRIC COMPANY.

#### No. 09–02–304 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 8, 2002.
Decided Nov. 7, 2002.

David J. Beck, Eric J.R. Nichols, John S. Adcock, Beck, Redden & Secrest, LLP, Houston, John G. Bissell, John W. Bridger, Strong Pipkin Bissell & Ledyard, LLP, Houston, and Michael L. Baker, Strong Pipkin Bissell & Ledyard, LLP, Beaumont, for appellant.

Glen W. Morgan, Reaud, Morgan & Quinn, Inc. Beaumont, William J. Lewis, Environmental Litigation Group, Birmingham, AL, Karl Novak, Richardson, Patrick, Westbrook & Brickman, Charleston, SC, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

We have before us a petition for writ of mandamus filed by The Lincoln Electric Company, litigant in a suit pending in the 128th District Court of Orange County, Texas, in Cause Nos. A–920,967–SC(1), A–920,961–SC(27), and A–920,961–SC(26), titled *Abernathy v. Acands, Shepard v. Dresser Industries, Inc.,* and *Drake v. Dresser Industries, Inc.,* respectively. Relator seeks a writ compelling the Honorable Patrick A. Clark, Judge of the 128th District Court, to vacate his order of July 15, 2002, which granted Real Parties in Interest's (Real Parties) motion for sanctions and finding Relator waived its claim of privilege to certain items subject to a prior discovery request. Contained in Real Parties response to Relator's petition for writ of mandamus is their argument before this Court, *viz:* (1) the materials subject to the discovery request were not privileged to begin with, and (2) even if the materials were privileged, Relator failed to timely assert the privilege so as to preserve it.

The procedural sequence of events is not disputed and appears in the record as follows:

1. Real Parties issue to Relator notice of videotaped deposition and subpoenas duces tecum. Both notice and subpoenas were served on Relator on April 18, 2002, and provided Relator only 12 days prior notice of the deposition as well as only 12 days for production of the requested material.

2. Relator responded by filing two motions for protective orders complaining that the time and place of the April 30, 2002, deposition was unreasonable, and

that the attempt to shorten the time for responding to the subpoenas from thirty to eight days was also unreasonable. *See* TEX.R. CIV. P. 199.2(b)(5); 196.2(a) & (b).

3. On the day of Brown's deposition, April 30, 2002, Relator presented to Real Parties an instrument entitled, "Defendant Lincoln's Objections To Plaintiffs' Notices Of Videotaped Depositions Of The Person Most Knowledgeable And Ken Brown And The Respective Subpoenas Duces Tecum." The crux of this objection is that Real Parties' subpoena was "overly broad, vague, ambiguous, and not document specific." *See* TEX.R. CIV. P. 193.2(a), (b), and (f).

4. On May 6, 2002, a brief hearing was held by Respondent and at which the lone issue litigated was apparently Relator's objections that the subpoenas were very broad, vague, ambiguous, and not document specific. Respondent ultimately overruled Relator's objections. The resulting written order reads, in pertinent part: "It if [sic] further ORDERED, ADJUDGED, and DECREED that [defendant] Lincoln Electric Company produce the documents requested in the respective Subpoenas Duces Tecum attached [sic] Plaintiffs' Notice of Videotaped Depositions of the Person with the Most Knowledge and of Kenneth L. Brown by May 20, 2002."

5. On May 20, 2002, Relator presented Real Parties with an instrument entitled, "The Lincoln Electric Company's Supplemental Response To Subpoena Duces Tecum To Kenneth L. Brown In Connection With Deposition Of April 30, 2002." The gist of this supplemental response raised Relator's claim of privilege to certain information or material the subject of Real Parties Subpoenas Duces Tecum on the basis of the work product privilege and/or the attorney-client privilege, and notified Real Parties that documents claimed to be privileged were being withheld. *See* TEX.R. CIV. P. 193.3(a).

6. Real Parties responded to Relator's claim of privilege with an instrument entitled, "Plaintiffs' Motion To Compel." A subsequent instrument filed by Real Parties was entitled, "Plaintiffs' Amended Motion To Compel And Motion For Sanctions." It is unclear when this instrument was filed, but apparently a hearing was held on June 24, 2002. It is at this hearing that Real Parties argued to Respondent that Relator's privilege claim was, among other things, waived as being untimely. At the conclusion of the hearing, Respondent made the following observation and ruling:

THE COURT: You know, we've been in these lawsuits a lot of years, and I don't know why all of a sudden, there's so many games, it seems like to the Court, that's being played when it comes to depositions and quashing and all of these matters.

Counsel, you can prepare me an Order granting your requested relief.

If you have anything that you have that you feel is privileged, you will also respond with that information in camera for the Court. Then the Court will examine and see whether or not, in fact, that the Court determines that to be privileged. If so, good for you, if not, then they will get that information. The information that is not privileged, yes, you will answer the Order that the Court will sign.

7. The Respondent signed an Order, dated June 25, 2002, ordering Relator to (1) produce to Real Parties "all non-

privileged and not previously produced documents that are responsive to either of the Subpoenas Duces Tecum ....";
(2) produce to the Court "for *in-camera* inspection all documents that are responsive to either of the Subpoenas Duces Tecum ... and that are the subject of Plaintiffs' motion for which Lincoln Electric Company claims any privilege ....."; and (3) produce a privilege log "that corresponds to the documents provided for the Court's *in-camera* inspection to Plaintiffs' counsel simultaneously with the production of the documents provided for the Court's *in-camera* inspection."

8. Apparently a privilege log was generated and given to Real Parties' counsel and the Respondent.[1] On July 15, 2002, another hearing took place. At this hearing, counsel for Real Parties repeatedly argued that Relator had waived any claim of privilege and also argued for sanctions.

9. An order, signed July 15, 2002, reflects the Respondent's ruling that the privileges were waived. That order is the subject of the instant cause.

We set out the portions of the Texas Rules of Civil Procedure pertinent to the issue before us:

### 193.2. Objecting to Written Discovery

. . . .

(f) *No Objection to Preserve Privilege.* A party should not object to a request for written discovery on the grounds that it calls for production of material or information that is privileged but should instead comply with Rule 193.3. A party who objects to production of privi-

leged material or information does not waive the privilege but must comply with Rule 193.3 when the error is pointed out.

### 193.3 Asserting a Privilege

A party may preserve a privilege from written discovery in accordance with this subdivision.

(a) *Withholding Privileged Material or Information.* A party who claims that material or information responsive to written discovery is privileged may withhold the privileged material or information from the response. The party must state—in the response (or an amended or supplemental response) or in a separate document—that:

(1) information or material responsive to the request has been withheld,

(2) the request to which the information or material relates, and

(3) the privilege or privileges asserted.

(b) *Description of Withheld Material or Information.* After receiving a response indicating that material or information has been withheld from production, the party seeking discovery may serve a written request that the withholding party identify the information and material withheld. Within 15 days of service of that request, the withholding party must serve a response that:

(1) describes the information or materials withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege, and

---

**1.** We have before us, under seal, certain documents apparently produced by Relator for Respondent's *in-camera* inspection.

(2) asserts a specific privilege for each item or group of items withheld.

(c) *Exemption.* Without complying with paragraphs (a) and (b), a party may withhold a privileged communication to or from a lawyer or lawyer's representative or a privileged document of a lawyer or lawyer's representative—

(1) created or made from the point at which a party consults a lawyer with a view to obtaining professional legal services from the lawyer in the prosecution or defense of a specific claim in the litigation in which discovery is requested, and

(2) concerning the litigation in which the discovery is requested.

As the record indicates, Relator's first response in the face of a 12–day notice of deposition and subpoenas for production was to move for protective orders. Rule 192.6, entitled "Protective Orders," states: "A person should not move for protection when an objection to written discovery or an assertion of privilege is appropriate, **but a motion does not waive the objection or assertion of privilege.**" Tex.R. Civ. P. 192.6(a) (emphasis added). Following Respondent's adverse ruling, Relator's second response was to file an objection that the subpoenas were overbroad, vague, ambiguous, and not document specific. Rule 193.2, entitled "Objecting to Written Discovery," states: "A party should not object to a request for written discovery on the grounds that it calls for production of material or information that is privileged but should instead comply with Rule 193.3. **A party who objects to production of privileged material or information does not waive the privilege but must comply with Rule 193.3 when the error is pointed out.**" Tex.R. Civ. P. 193.2(f) (emphasis added). Relator's ob-

jections were also overruled by Respondent. Relator next made its privilege assertion. Rule 193.3, entitled "Asserting a Privilege," explicitly permits the responding party to "withhold the privileged material or information from the response," with said "response" to include "**an amended or supplemental response**" OR "**a separate document.**" *See* Tex.R. Civ. P. 193.3(a) (emphasis added).

In considering the above-quoted language taken from Rules 192.6, 193.2, and 193.3, it would appear that significant effort was made by the promulgators of the Rules to avoid waiver by a party when privileged materials or information **may** be at issue. We use the word "may" because we believe that until a trial court has made an express ruling on a privilege assertion with said ruling pronounced **in the context of proceedings contemplated by Rule 193.4,** with **evidence** on the issue of privilege presented and/or an *in camera* inspection of the information or materials claimed to be privileged, the spirit, if not the letter, of this prophylactic effort by the Rule's promulgators has not been met.

It may be argued that Rules 199.2(b)(5) and 196.2(b) control and support the Respondent's ultimate ruling of "waiver" of Relator's privilege assertion. Rule 199.2 concerns the procedure for noticing an oral deposition, and Rule 199.2(b)(5) states that, with regard to a request for production accompanying a deposition notice, as was the situation in the instant case, a party or witness subject to the control of a party must respond as per the terms of Rules 196 and 193. Rule 196.2 is entitled, "Response to Request for Production and Inspection," and provides: "(b) *Content of Response.* With respect to each item or category of items, the responding party must state objections and assert privileges

as required by these rules, ..." A less-than-flexible reading of this language would emphasize the phrase **"the responding party must state objections and assert privileges...."** Emphasizing this phrase, it could be argued, requires the responding part to provide **ALL** "objections" and "assertions" at the same time. In other words, a less flexible reading of this rule would require the responding party to raise any and all objections and any and all assertions of privilege at the very first opportunity to make a response to a request for production.

■ In keeping with the overall spirit of non-waiver apparent in the applicable discovery rules set out above, however, we prefer to emphasize the words **"as required by these rules, ..,"** which, we believe, permits a responding party the opportunity to make "objections" to such things as vagueness, overbreadth, relevance, etc., under Rule 193.2, have these "objections" ruled upon, and then make any assertions of privilege under Rule 193.3 at a later time. Indeed, an "objection" to the *scope* of discovery would be governed by Rule 192.3, entitled "Scope of Discovery," and explicitly excludes irrelevant and *privileged* matters. TEX.R. CIV. P. 192.3(a).

A further example of the promulgators' intent to avoid waiver of assertion of privilege by a party is contained in Comment 4 to Rule 193, which reads, in pertinent part:

> 4. Rule 193.3(d) is a new provision that allows a party to assert a claim of privilege to material or information produced inadvertently without intending to waive the privilege.... The focus is on the intent to waive the privilege, not the intent to produce the material or information. A party who fails to diligently

screen documents before producing them ***does not waive a claim of privilege.*** This rule is thus broader than Tex.R. Evid. 511 and overturns *Granada Corp. v. First Court of Appeals,* 844 S.W.2d 223 (Tex.1992), to the extent the two conflict. The ten-day period (which may be shortened by the court) allowed for an amended response does not run from the production of the material or information ***but from the party's first awareness of the mistake.*** To avoid complications at trial, a party may identify prior to trial the documents intended to be offered, ***thereby triggering the obligation to assert any overlooked privilege under this rule.***

"Comment—1999," TEX.R. CIV. P. ANN. 193 (Vernon Supp.2002) (emphasis added). Permitting a party to assert a privilege following an "eleventh-hour" notice by opposing party of documents intended to be offered at trial appears to take waiver of privilege assertion almost entirely out of the realm of possibility under the latest version of the Rules.

■ In the instant case, following Respondent's denial of Relator's motions for protective order, the fact that Relator's first "response" to Real Parties' subpoenas duces tecum on April 30, 2002, consisted only of "objections" did not waive Relator's later assertion of privilege on the information and materials covered by the subpoenas. The record reflects that the Respondent apparently was satisfied in going forward and litigating Relator's assertion as evidenced by what took place during the June 24, 2002, hearing and subsequent order signed June 25, 2002. Subsequent to those dates, the record contains no evidence or authority indicating Relator's assertion of the privilege was untimely or was procedurally deficient in

some way so as to have waived it. The record of the hearing of July 15, 2002, consists of argument by counsel and Respondent ultimately ruling that Relator had waived its assertion of privilege. Respondent made no ruling on the existence or non-existence of privilege as to any of the items requested by Real Parties or submitted for *in camera* inspection by Relator.

■ Mandamus is an extraordinary remedy that may be utilized only when there is no adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 841 (Tex.1992). With regard to issues of discovery, and particularly a claim of privilege, the Texas Supreme Court has stated:

> [A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. This occurs when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party, such as documents covered by the attorney-client privilege.... As we noted in *Crane* [*v. Tunks,* 160 Tex. 182, 190, 328 S.W.2d 434, 439 (1959)]: "After the [privileged documents] had been inspected, examined and reproduced ... a holding that the court had erroneously issued the order would be of small comfort to relators in protecting their papers."

*Id.* at 843 (some citations omitted).

The petition for writ of mandamus is conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.

· WRIT CONDITIONALLY GRANTED.

DON BURGESS, Justice, dissenting.

I respectfully dissent. The question is whether, in meshing all the rules, Judge Clark abused his discretion in determining Lincoln was required to assert its privilege at the time it objected to the subpoena duces tecum. The majority acknowledges the requirements of Rules 199.2(b)(5) and 196.2(b) but concludes that these rules should be read with more flexibility than the rules state. Had Lincoln not made any objections, would it had to assert its privileges at the time of the deposition? I believe so. Therefore, the making of frivolous objections should not extend the time when Lincoln was required to assert its privileges.

When the trial judge made his determination of waiver, he had before him Lincoln's objections to the subpoena duces tecum (attached as Appendix One) and its supplemental response to the subpoena duces tecum (attached as Appendix Two). A comparison of the two documents shows the former makes an objection, which was ultimately overruled, while the latter either notes a document was produced or is attached and asserts the privilege. Common sense dictates that Lincoln either knew, or should have known, what privileges were to be asserted in the litigation. Requiring them to assert the privilege when they filed their objections is certainly a reasonable thing under all the rules. For this reason, the trial judge did not abuse his discretion and certainly did not act arbitrarily.[2] Consequently, I respectfully dissent.

2. The trial judge is extremely experienced in multi-party toxic tort litigation.

APPENDIX ONE

CAUSE NO. A–920,967–SC(1)

ROBERT L. ABERNATHY, ET AL.

VS.

ACANDS, INC., ET AL.

IN THE DISTRICT COURT OF
ORANGE COUNTY, TEXAS
128TH JUDICIAL DISTRICT

CAUSE NO. A–920,961–SC(26)

JAMES MAJOR DRAKE, DECEASED,
ET AL.

VS.

DRESSER INDUSTRIES, INC., FOR-
MERLY A SUCCESSOR IN IN-
TEREST TO HARBISON–WALKER
REFRACTORIES COMPANY, ET
AL.

IN THE DISTRICT COURT OF
ORANGE COUNTY, TEXAS
128TH JUDICIAL DISTRICT

CAUSE NO. A920,961–SC(27)

ALBERT TYSON SHEPARD,
DECEASED, ET AL.

VS.

DRESSER INDUSTRIES, INC., FOR-
MERLY A SUCCESSOR IN IN-
TEREST TO HARBISON–WALKER
REFRACTORIES COMPANY, ET
AL.

IN THE DISTRICT COURT OF
ORANGE COUNTY, TEXAS
128TH JUDICIAL DISTRICT

*DEFENDANT LINCOLN'S OBJEC-
TIONS TO PLAINTIFFS' NOTICES
OF VIDEOTAPED DEPOSITIONS
OF THE PERSON MOST KNOWL-
EDGEABLE AND KEN BROWN
AND THE RESPECTIVE SUBPOE-
NAS DUCES TECUM*

COMES NOW, The Lincoln Electric Company ("Defendant Lincoln"), one of the defendants in the above styled and numbered causes of action, and, pursuant to Texas Rule of Civil Procedure 176, makes and files this its Objections to the Plaintiffs' Notices of Videotaped Depositions of the person most knowledgeable and Ken Brown and the respective Subpoenas Duces Tecum and, in support thereof, would show unto this honorable court as follows:

SUBPOENAS DUCES TECUM RE-
QUESTED ITEMS

1. and 7. Any and all documents that indicate the identity of any person present during the manufacturing of asbestos containing welding rods after 1985.

RESPONSE: Defendant Lincoln objects to this request as it is overly broad, vague, ambiguous, and not document specific. As such, this request is tantamount to a fishing expedition, which has been specifically prohibited by *Loftin v. Martin,* 776 S.W.2d 145 (Tex.1989) and its progeny.

Defendant Lincoln further objects to this request as it is overly broad and not appropriately limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony sought in the Notice of Videotaped Deposition. See: *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813 (Tex.1995) and *In Re American Optical Corp.,* 988 S.W.2d 711 (Tex.1998). To the extent that this request is not reasonably limited, then it exceeds the scope of discovery as defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.

2. and 8. Any and all documents that indicate the identity of any person present during the testing of asbestos-containing welding rods after 1985.

RESPONSE: Defendant Lincoln objects to this request as it is overly broad, vague, ambiguous, and not document specific. As such, this request is tantamount to a fishing expedition, which has been specifically prohibited by *Loftin v. Martin*, 776 S.W.2d 145 (Tex.1989) and its progeny.

Defendant Lincoln further objects to this request as it is overly broad and not appropriately limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony sought in the Notice of Videotaped Deposition. See: *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex.1995) and *In Re American Optical Corp.*, 988 S.W.2d 711 (Tex.1998). To the extent that this request is not reasonably limited, then it exceeds the scope of discovery as defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.

3. and 9. Any and all documents that indicate a payment to any expert in attendance during the manufacturing or testing of asbestos containing welding rods after 1985.

RESPONSE: Defendant Lincoln to this request as it is overly broad, vague, ambiguous, and not document specific. As such, this request is tantamount to a fishing expedition, which has been specifically prohibited by *Loftin v. Martin*, 776 S.W.2d 145 (Tex.1989) and its progeny.

Defendant Lincoln further objects to this request as it is overly broad and not appropriately limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony sought in the Notice of Videotaped Deposition. See: *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex.1995) and *In Re American Optical Corp.*, 988 S.W.2d 711 (Tex.1998). To the extent that this request is not reasonably limited, then it exceeds the scope of discovery as defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.

4. and 10. Any and all documents that indicate any invoice from all experts, if any, who tested asbestos containing welding rods for Lincoln Electric Company after 1985.

RESPONSE: Defendant Lincoln objects to this request as it is overly broad, vague, ambiguous, and not document specific. As such, this request is tantamount to a fishing expedition, which has been specifically prohibited by *Loftin v. Martin*, 776 S.W.2d 145 (Tex.1989) and its progeny.

Defendant Lincoln further objects to this request as it is overly broad and not appropriately limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony sought in the Notice of Videotaped Deposition. See: *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex.1995) and *In Re American Optical Corp.*, 988 S.W.2d 711 (Tex.1998). To the extent that this request is not reasonably limited, then it exceeds the scope of discovery as defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated

to lead to the discovery of admissible evidence.

5. and 11. Any and all asbestos containing welding rods that were manufactured after 1985, that is (sic) in the actual or constructive possession of Lincoln Electric Company.

RESPONSE: Defendant Lincoln objects to this request as it is overly broad and not appropriately limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony sought in the Notice of Videotaped Deposition. See: *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex.1995) and *In Re American Optical Corp.*, 988 S.W.2d 711 (Tex. 1998). To the extent that this request is not reasonably limited, then it exceeds the scope of discovery as defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence

6. and 12. If no welding rods such as described in item 5 remain in the possession of Lincoln Electric Company, please bring any document that indicates:

   a. the date the rods were disposed of

   b. the number of whole or partial rods that were disposed of after testing was completed;

   c. the present location where the rods can reasonable be expected to be found; and

   d. the name of the person(s) who was last known or believed to have possession of the rods.

RESPONSE: Defendant Lincoln objects to this request as it is overly broad, vague, ambiguous, and not document specific. As such, this request is tanta-mount to a fishing expedition, which has been specifically prohibited by *Loftin v. Martin*, 776 S.W.2d 145 (Tex.1989) and its progeny.

Defendant Lincoln further objects to this request as it is overly broad and not appropriately limited in scope to (1) the time at issue, i.e. the 1987 test and (2) the areas of testimony sought in the Notice of Videotaped Deposition. See: *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex.1995) and *In Re American Optical Corp.*, 988 S.W.2d 711 (Tex.1998). To the extent that this request is not reasonably limited, then it exceeds the scope of discovery as defined in Texas Rules of Civil Procedure 192.3(a) as the information that exceeds a reasonable limitation is irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully Submitted,

**STRONG PIPKIN BISSELL & LEDYARD, L.L.P.**

/S/ JOHN G. BISSELL
John G. Bissell
Texas Bar No. 02356000
John W. Bridger
Texas Bar No. 02975860
1111 Bagby, Suite 2300
Houston, Texas 77002
(713) 651–1900
(713) 651–1920–Facsimile

**ATTORNEYS FOR DEFENDANT, LINCOLN ELECTRIC COMPANY**

*CERTIFICATE OF SERVICE*

This will verify that a true and correct copy of the foregoing document has been forwarded to Plaintiffs' counsel by hand delivery to Glen Morgan, Reaud, Morgan & Quinn, 801 Laurel Avenue, Beaumont, Texas 77701, by certified mail, return re-

ceipt requested, to J. William Lewis, Environmental Litigation Group, P.C., 3529 7th Avenue South, Birmingham, Alabama 35222, and Karl Novak, Ness, Motley, Loadholt, Richardson & Poole, 28 Bridgeside Boulevard, Mount Pleasant, South Carolina 29465 and to all other counsel of record (without exhibits) by e-mail on this 30th day of April, 2002.

/s/ JOHN G. BISSELL
John G. Bissell

APPENDIX TWO

CAUSE NO. A–920,967–SC(1)
ROBERT L. ABERNATHY, *ET AL.*

v.

ACandS, INC., *ET AL.*

IN THE DISTRICT COURT OF
ORANGE COUNTY, TEXAS
128TH JUDICIAL DISTRICT

CAUSE NO. A–920,961–SC(26)
JAMES MAJOR DRAKE,
DECEASED, *ET AL*

v.

DRESSER INDUSTRIES, INC., FORMERLY A SUCCESSOR–IN–INTEREST TO HARBISON–WALKER REFRACTORIES COMPANY, *ET AL.*

IN THE DISTRICT COURT OF
ORANGE COUNTY, TEXAS
128TH JUDICIAL DISTRICT

CAUSE NO. A–920,961–SC(27)
ALBERT TYSON SHEPARD,
DECEASED, ET AL.

v.

DRESSER INDUSTRIES, INC., FORMERLY A SUCCESSOR–IN–INTEREST TO HARBISON–WALKER REFRACTORIES COMPANY, *ET AL.*

IN THE DISTRICT COURT OF
ORANGE COUNTY, TEXAS
128TH JUDICIAL DISTRICT

*THE LINCOLN ELECTRIC COMPANY'S SUPPLEMENTAL RESPONSE TO SUBPOENA DUCES TECUM TO KENNETH L. BROWN IN CONNECTION WITH DEPOSITION OF APRIL 30, 2002*

The Lincoln Electric Company makes this supplemental response to the subpoe-

na duces tecum served in connection with the taking of the deposition of Kenneth L. Brown April 30, 2002 as follows:

1. Any and all documents that indicate the identity of any person present during the manufacturing of asbestos containing welding rods after 1985.

   *RESPONSE:* Please find attached document Bates No. LIABERMAR 0062. With the exception of this document, all responsive documents in the possession, custody or control of Kenneth L. Brown were produced at Mr. Brown's deposition April 30, 2002. Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work product privilege and/or attorney-client privilege. Tex.R. Civ. P. 193.3(a).

2. Any and all documents that indicate the identity of any person present during the testing of asbestos-containing welding rods after 1985.

   *RESPONSE:* All responsive documents in the possession, custody or control of Kenneth L. Brown were produced at Mr. Brown's deposition April 30, 2002. Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work product privilege and/or attorney-client privilege. Tex.R. Civ. P. 193.3(a).

3. Any and all documents that indicate a payment to any expert in attendance during the manufacturing or testing of asbestos-containing welding rods after 1985.

   *RESPONSE:* All responsive documents in the possession, custody or control of Kenneth L. Brown were produced at Mr. Brown's deposition April 30, 2002. Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work product privilege and/or attorney-client privilege. Tex.R. Civ. P. 193.3(a).

4. Any and all documents that indicate any invoice from all experts, if any, who tested asbestos-containing welding rods for Lincoln Electric after 1985.

   *RESPONSE:* Please find attached a document Bates No. LIABERMAR 0061. With the exception f this document, all responsive documents in the possession, custody or control of Kenneth L. Brown were produced at Mr. Brown's deposition April 30, 2002. Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work product privilege and/or attorney-client privilege.

5. Any and all asbestos containing welding rods that were manufactured after 1985, that is [sic] in the actual or constructive possessive of Lincoln Electric Company.

   *RESPONSE:* No responsive items are in the possession, custody or control of Kenneth L. Brown. Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work product privilege and/or attorney-client privilege. Tex.R. Civ. P. 193.3(a).

6. If no welding rods such as described in Item 5 remain in the possession of Lincoln Electric Company, please bring any document that indicates:

   a) The date the rods were disposed of;

   b) The number of whole or partial rods that were disposed of after testing was completed;

c) The present location where the rods can reasonably be expected to be found; and

d) The name of the person(s) who was last known or believed to have possession of the rods.

**RESPONSE:** No responsive items are in the possession, custody or control of Kenneth L. Brown. Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work product privilege and/or attorney-client privilege. TEX.R. CIV. P. 193.3(a).

Respectfully Submitted,

**STRONG PIPKIN BISSELL & LEDYARD, L.L.P.**

/S/ JOHN G. BISSELL

John G. Bissell
State Bar No. 02356000
Michael L. Samford
State Bar No. 17555650
John W. Bridger
State Bar No. 02975860
1111 Bagby, Suite 2300
Houston, Texas 77002
(713) 651–1900
(713) 651–1920–Facsimile

**ATTORNEYS FOR DEFENDANT, LINCOLN ELECTRIC COMPANY**

### CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been furnished to counsel for plaintiff, Mr. Glen Morgan, Reaud, Morgan & Quinn, Inc., 801 Laurel Street, Post Office Box 26005, Beaumont, Texas 77701–6005, via facsimile and to all other counsel of record by e-mail transmission only on this 20 day of May, 2002.

/s/ JOHN G. BISSELL

John G. Bissell

CAUSE NO. A–920,967–SC(1)
ROBERT L. ABERNATHY, *et al.*

v.

ACandS, INC., *et al.*

IN THE DISTRICT COURT OF
ORANGE COUNTY, TEXAS
128TH JUDICIAL DISTRICT

CAUSE NO. A–920,961–SC(26)
JAMES MAJOR DRAKE,
DECEASED, *et al.*

v.

DRESSER INDUSTRIES, INC., FORMERLY A SUCCESSOR–IN–INTEREST TO HARBISON–WALKER REFRACTORIES COMPANY, *et al.*

IN THE DISTRICT COURT OF
ORANGE COUNTY, TEXAS
128TH JUDICIAL DISTRICT

CAUSE NO. A–920,961–SC(27)
ALBERT TYSON SHEPARD,
DECEASED, *et al.*

v.

DRESSER INDUSTRIES, INC., FORMERLY A SUCCESSOR–IN–INTEREST TO HARBISON–WALKER REFRACTORIES COMPANY, *et al.*

IN THE DISTRICT COURT OF
ORANGE COUNTY, TEXAS
128TH JUDICIAL DISTRICT

*THE LINCOLN ELECTRIC COMPANY'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S NOTICE OF VIDEOTAPED DEPOSITION SUBPOENA DUCES TECUM*

The Lincoln Electric Company makes this supplemental response to the subpoena duces tecum served in connection with the taking of the deposition of "the person(s) most knowledgeable about the test-

ing of welding rods by Lincoln Electric Company in 1977, and the manufacture and testing of asbestos containing welding rods in approximately 1987" on April 30, 2002, as follows:

[Note: This subpoena begins with 7]

7. Any and all documents that indicate the identity of any person present during the manufacturing of asbestos containing welding rods after 1985.

*RESPONSE:* Please find attached a document Bates No. LIABERMAR 0062. With the exception of this document, all responsive non-privileged documents were produced at the deposition April 30, 2002. Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work product privilege and/or attorney-client privilege. TEX.R. CIV. P. 193.3(a).

8. Any and all documents that indicate the identity of any person present during the testing of asbestos-containing welding rods after 1985.

*RESPONSE:* All responsive non-privileged documents were produced at the deposition April 30, 2002. Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work product privilege and/or attorney-client privilege. TEX.R. CIV. P. 193.3(a).

9. Any and all documents that indicate a payment to any expert in attendance during the manufacturing or testing of asbestos-containing welding rods after 1985.

*RESPONSE:* Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work privilege and/or attorney-client privilege. TEX.R. CIV. P. 193.3(a).

10. Any and all documents that indicate any invoice from all experts, if any, who tested asbestos-containing welding rods for Lincoln Electric after 1985.

*RESPONSE:* Please find attached document Bates Nos. LIABERMAR 0061 and 0063. With the exception of these documents, all responsive non-privileged documents were produced at the deposition on April 30, 2002. Defendant Lincoln Electric Company is withholding information or material responsive to this request on the basis of the work product privilege and/or attorney-client privilege. TEX.R. CIV. P. 193.3(a).

11. Any and all asbestos containing welding rods that wee manufactured after 1985, that is [sic] in the actual or constructive possession of Lincoln Electric Company.

*RESPONSE:* Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work product privilege and/or attorney-client privilege. TEX.R. CIV. P. 193.3(a).

12. If no welding rods such as described in Item 5 remain in the possession of Lincoln Electric Company, please bring any document that indicates:

a) The date the rods were disposed of;

b) The number of whole or partial rods that were disposed of after testing was completed;

c) The present location where the rods can reasonably be expected to be found; and

d) The name of the person(s) who was last known or believed to have possession of the rods.

*RESPONSE:* Defendant Lincoln Electric Company is withholding information or material which may be responsive to this request on the basis of the work

product privilege and/or attorney-client privilege. Tex.R. Civ. P. 193.3(a).

Respectfully Submitted,

**STRONG PIPKIN BISSELL & LEDYARD, L.L.P.**

/S/ JOHN G. BISSELL
John G. Bissell
State Bar No. 02356000
Michael L. Samford
State Bar No. 17555650
John W. Bridger
State Bar No. 02975860
1111 Bagby, Suite 2300
Houston, Texas 77002
(713) 651–1900
(713) 651–1920–Facsimile

**ATTORNEYS FOR DEFENDANT, LINCOLN ELECTRIC COMPANY**

### CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been furnished to counsel for plaintiff, Mr. Glen Morgan, Reaud, Morgan & Quinn, Inc., 801 Laurel Street, Post Office Box 26005, Beaumont, Texas 77701–6005, via facsimile and to all other counsel of record by e-mail transmission only on this 20 day of May, 2002.

/s/ JOHN G. BISSELL
John G. Bissell