In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00341-CV
_____


IN RE PHILIPPE E. MULACEK
AND ASIAN GAS PARTNERS, LTD

Original Proceeding
457th District Court of Montgomery County, Texas
Trial Cause No. 21-08-11783

MEMORANDUM OPINION

In this mandamus action—which arose from a dispute over whether the trial court was required to conduct an *in camera* inspection of documents to determine whether a protective order was required to protect certain documents from being disclosed by the real parties in interest to those not currently parties to this suit—the relators seek to compel the judge of the 457th District Court of Montgomery County to conduct an *in camera* inspection and to issue a protective order to prevent

1

the documents subject to their motion from being disclosed to those who are not currently parties to Trial Court Cause Number 21-08-11783. For the reasons explained below, we conditionally grant the relators' petition for relief.

Background

In the trial court, Philippe E. Mulacek and Asian Gas Partners, LTD (collectively the "Mulacek Parties") sued James P. "Jim" Dossey, Individually and as Executor of the Estate of Dale Dossey, and Dossey & Jones, PLLC (the "Dossey Parties") alleging the Dossey Parties breached fiduciary duties they owed the Mulacek Parties and committed fraud. The claims of fraud hinge on complaints surrounding the alleged conduct of two lawyer/accountants employed by Dossey & Jones, PLLC, who provided legal and accounting services to the Mulacek Parties or to companies in which Philippe Mulacek owns or claims to own an interest. The Mulacek Parties' fraud and breach of fiduciary duty claims include allegations that Dale and Jim Dossey (Phillippe Mulacek's former attorneys) and Dossey & Jones, PLLC, among other things: (1) concealed conflicts of interest; (2) divulged confidential bank records and privileged communications; (3) placed their interest and the interest of Dossey &

2

Jones, PLLC above those of the Mulacek Parties; (4) represented to the Mulacek Parties that Jim Dossey and Dossey & Jones, PLLC would maintain the attorney-client privilege even though they intended to breach it; (5) failed to follow the instructions they were given by the Mulacek Parties in transferring the Mulacek Parties' interests in businesses they owned as promised; and (6) improperly transferred assets the Mulacek Parties owned to Jim Dossey under the powers Jim Dossey exercised as the executor of Dale Dossey's estate.

In addition to other remedies, the Mulacek Parties sought to impose a constructive trust and to obtain an accounting for the legal services the Dossey Parties rendered to the Mulacek Parties for the fees Dossey & Jones, PLLC charged the Mulacek Parties for its work. In a counterclaim, the Dossey Parties asked the trial court for declaratory relief, and they filed a counterclaim alleging the Mulacek Parties obtained their claim through an assignment of interest, which they procured through fraud and their use of their undue influence over Dale Dossey while Dale was terminally ill.

In the trial court and relying on Rule 192.6 of the Texas Rules of Civil Procedure, the Mulacek Parties asked the judge to review

documents they agreed to produce to the Dossey Parties *in camera* before producing them to prevent the Dossey Parties from turning the documents over to others. The Mulacek Parties argued that although they agreed the Dossey Parties were entitled to the documents in the case the Mulacek Parties filed in state court, as plaintiffs, against their former attorneys, the Dossey Parties, the needs of the case justified the need for a protective order to prevent the documents the Mulacek Parties intended to produce from being disclosed to others since as to those not parties to the case the documents remained privileged.

According to the Mulacek Parties, the issues of privilege and confidentiality center on the alleged disclosure of documents they will under the Dossey Parties' request produce to the Dossey Parties in the case before the trial court subject to a protective order to prevent the documents from being further disclosed. The trial court denied the request. In this proceeding, the Mulacek Parties argue that should the documents and the information in them be produced without the benefit of an appropriate protective order, the Dossey Parties will be free to provide their attorney-client privileged information and confidential documents to entities or individuals who are not entitled to them,

4

including to Philippe Mulacek's former money manager, Carlo Civelli, who is not a party in the case filed in state court. The Mulacek Parties contend that the Dossey Parties intend to provide the documents to Civelli and could provide the documents to others should they be produced in the state court case without a protective order even though the documents they are willing to produce in state court are still subject to their confidentiality and attorney-client privileges as to those not parties to the state court case.[1]

To protect the documents from being disclosed to those they claim are not entitled to see them, the Mulacek Parties asked the trial court to sign a protective order. They explained to the trial court that Mulacek and Civelli are currently involved in a suit in federal court. They also told the trial court they feared the Dossey Parties would give Civelli the documents (or the information the documents contain) should the documents be produced without an appropriate protective order in place. The Mulacek Parties also argued the judge in the federal court case involving the Mulacek Parties and Civelli had signed a protective order,

---

[1]The Mulacek Parties do not argue or claim that the Dossey Parties' attorney is not entitled to see or have the documents to produced subject to a protective order in the state court case.

which the Mulacek Parties claimed didn't allow Civelli to obtain the same documents the Mulacek Parties intended to produce to the Dossey Parties in the state court case. As to Civelli, the Mulacek Parties argued the fact they were involved in litigation with their former attorneys did not waive their right to protect their attorney-client privileged documents from Civelli from being disclosed by the Dossey Parties even if the Dossey Parties were entitled to them in the state court case since, as to Civelli, the documents remain privileged.

The Dossey Parties filed a response to the motion for protective order. In their response, they argued the Mulacek Parties were seeking to protect documents Civelli had likely already seen when he served as Philippe Mulacek's money manager. They also claimed that Jim Dossey—their client in the state court case, but whom they acknowledged was Phillipe Mulacek's lawyer before he withdrew from that representation in May 2017—had probably already disclosed the documents at issue to Civelli to prevent the Mulacek Parties from engaging in fraud. According to the Dossey Parties, if the trial court were to entertain the Mulacek Parties' request and sign a protective order, the relief the court granted should permit the Dossey Parties to share

6

documents and cooperate with Civelli in their mutual effort to defend the suits pending in state and federal court. The Dossey Parties further argued that the allied-litigation privilege applied to the two suits, the suit in federal court involving Civelli and the suit in state court involving them because the Mulacek Parties were making nearly identical claims in the suits.

The trial court denied the Mulacek Parties' motion seeking a protective order without reviewing any documents to determine whether, as to non-parties to the state court case, a protective order was required by the needs of the case. After the trial court signed the order denying the Mulacek Parties' motion for protective order, the Mulacek Parties asked the trial court to reconsider their request and to conduct an oral hearing. In their Motion for Rehearing, the Mulacek Parties explained again that the documents requested by the Dossey Parties included documents that contained either attorney-client information or contained sensitive commercial information, including information involving an oil and gas transaction in 2014. In their Motion to Reconsider, the Mulacek Parties represented that the Dossey Parties had threatened to share the documents the Mulacek Parties had agreed to produce in the state court

case with Civelli even though the documents were subject to the Mulacek Parties' attorney-client privilege, were confidential, and had been withheld from Civelli by the federal judge in Civelli's federal case.

When the Dossey Parties responded to the Motion to Reconsider, they argued that by suing their attorney, the Mulacek Parties disclosed their allegations to the public and waived any claim of confidentiality as to all matters in their pleadings and the facts required to rebut them. The Dossey Parties claimed they should be allowed to share the documents the Mulacek Parties produce in the state court case with Civelli so they could determine whether the Mulacek Parties have fully complied with their discovery obligations based on the requests served on them in the state court case. Three days after the Motion to Reconsider was filed, the trial court denied the Mulacek Parties' request to conduct an oral hearing on the motion. But it denied the requested hearing without reaching the merits of whether to grant the Mulacek Parties' request for a protective order as to non-parties.

In a letter sent to the court coordinator by courier on July 11, 2022, the attorney for the Mulacek Parties submitted a representative sample of the documents he intended to produce to the Dossey Parties when,

8

subject to a protective order, the Mulacek Parties planned on responding to the Dossey Parties' request to produce. As we understand the purpose of the attorney's letter, the documents he sent to the court coordinator were provided so the trial court could inspect the documents *in camera*, to aid the trial court's understanding of the arguments that had already been presented in a more general way in the Mulacek's Parties' motion for protective order and motion for rehearing. In the letter, the attorney for the Mulacek Parties asked the court coordinator to provide the documents enclosed with the letter to the trial court so they could be inspected *in camera*. The letter also states the Motion to Reconsider "is set for submission this Friday, July 15, 2022."

However, the attorney for the Mulacek Parties didn't file the letter electronically, and he didn't send a copy of the letter sent to the court coordinator by courier to the attorney representing the Dossey Parties in state court suit. So as of July 11, the attorney for the Dossey Parties didn't know the attorney for Mulacek Parties had sent the court coordinator a letter asking the court coordinator to provide the trial court with documents and to inspect them before issuing its ruling on the

9

Motion to Reconsider. Ten days later and without explaining the basis for its ruling, the trial court denied the Motion for Reconsider.

Approximately two months later, by motion, the Mulacek Parties filed a Motion to Temporarily Seal the records. The Motion to Temporarily Seal specifically refers to "the records submitted to [the trial court] for in-camera (sic) review on July 11, 2022." The Motion to Temporarily Seal also asks the trial court to stay its order so that the court's ruling denying the Mulacek's Parties' request for a protective order may be "considered on appeal."[2]

In response, the Dossey Parties argued that on September 27, 2022, they learned for the first time that the defendants submitted documents to the court on July 11 and had asked the trial court to examine documents *in camera*. The Dossey Parties also argued the Mulacek Parties had never provided the documents they wanted the court to inspect to the Dossey Parties, and they argued the Mulacek Parties never

---

[2]The Mulacek Parties relied on Texas Rule of Civil Procedure 76a(5) regarding their request, a rule that allows temporary sealing orders to issue "upon motion and notice to any parties who have answered . . . upon a showing of compelling need from specific facts shown by affidavit or by verified petition that immediate and irreparable injury will result to a specific interest of the applicant before notice can be posted and a hearing held as otherwise provided herein." Tex. R. Civ. P. 76a(5).

provided the Dossey Parties with a privilege log concerning the documents tendered to the court. They concluded the Mulacek parties were not entitled to a sealing order because the documents submitted to the court were neither privileged, nor confidential.

As to Jim Dossey, the Dossey Parties argued the documents are not confidential or privileged because Jim Dossey (who served until he withdrew as Phillipe Mulacek's attorney) has the documents in his possession already. The Dossey Parties suggested there is no reason to protect the documents that Jim Dossey already has based on his relationship with the Mulacek Parties as their attorney. And they argued the Mulacek Parties were attempting to "hide bad facts" that would undercut their damages claims by using Rule 76a in an effort to seal records so they could not be used as evidence in court.

On October 28, the trial court denied the Mulacek Parties' request to temporarily seal the records. In the same order, the trial court refused to permit the records to be made part of the trial court's records for the purposes of an appeal. The trial court's order states the court did so because those documents "are not a part of the court's file in any respect." According to the trial court, the reasons they were never made part of the

11

trial court's file is that "[t]hey constitute an *ex parte* communication and were not reviewed by the Court" in deciding the Mulacek Parties' Motion to Reconsider.[3]

The parties agree the trial court never reviewed the documents the Mulacek Parties' attorney tendered to the court in July 2022. When the attorney for the Mulacek Parties responded to the trial court's order denying the Motion to Seal, he sent a letter to the trial court, with copies to the attorney representing the Mulacek Parties, which explained he "did not—and we should have—electronically filed the July 11, 2022 letter submitting documents *in camera* to the Court. I apologize for this

---

[3]Rule 76a(8) treats rulings on Rule 76a motions as final judgments, "which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order." Tex. R. Civ. P. 76a(8). Relators, however, did not file a notice of appeal challenging the trial court's denial of the motion they filed under Rule 76a(5). *See* Tex. R. Civ. P. 76a(5). As discussed above, the trial court said it did not review the documents and the trial court refused to allow the documents the Mulacek Parties tendered to the trial court to become part of the trial court's record. Although this Court granted leave for the Mulacek Parties to submit copies of the documents submitted to the trial court, we subsequently determined that an *in camera* inspection of the documents by this Court would not be necessary to resolve the issues presented by the Mulacek Parties in their petition for mandamus relief. Whether or not specific documents tendered to the trial court must inspected *in camera* either are, or are not, subject to the attorney-client privilege or are confidential must be determined in the first instance by the trial court after examining the documents *in camera*, as we explain below.

failure." But even after the Mulacek Parties' attorney sent that letter of apology, and even though the Motion to Temporarily Seal the Records filed by the same attorney shows the attorney likely thought his office had sent the Dossey Parties the July 2022 letter asking the trial court to inspect representative documents (that both parties apparently have) *in camera*, the trial court never changed its ruling, which required the Mulacek Parties' attorney to pick up the records he had sent to the court coordinator. The trial court also never conducted an *in camera* inspection of any documents relevant to deciding whether a protective order was necessary based on the claims, issues, and needs of the case.

At the request of the Mulacek Parties in this proceeding, we allowed the Mulacek Parties to submit copies of the documents they submitted to the trial court to the Clerk of this Court under seal so that we would have the records if they were needed to resolve the arguments presented here.

Mandamus Proceeding

A relator filing a petition for mandamus must show (1) that the trial court clearly abused its discretion and (2) that the relator can't remedy the trial court's error by the pursuing their ordinary remedy, which is

13

through an appeal.[4] A trial court abuses its discretion by disregarding the guiding rules or principles or by ruling in an arbitrary or unreasonable manner.[5] A trial court's "failure to analyze or apply the law correctly is an abuse of discretion."[6] As is relevant to this proceeding, a "trial court abuses its discretion when it fails to adequately inspect documents tendered for an *in camera* inspection before compelling production when such review is critical to the evaluation of a privilege claim."[7]

The Dossey Parties do not dispute that they will disclose the documents at issue if there is no protective order in place protecting the documents from further disclosure. And the Mulacek Parties do not dispute that they are willing to disclose the documents at issue to the Dossey Parties if the trial court puts an appropriate protective order in place. Thus, the issues that are joined in the suit could be fairly litigated

---

[4]*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

[5]*In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding).

[6]*In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding) (citation omitted).

[7]*In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding) (cleaned up). *See also In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding).

if an appropriate protective order were to issue in the dispute filed below, a dispute involving claims and counterclaims between a law firm, lawyers in a firm who represented the firm's former clients, and one or more former clients of the firm. Even more, no evidence in the record shows the rights of the parties to fairly litigate the issues in Trial Court Cause Number 21-08-11783 would be prejudiced if the trial court signed an order restricting the Dossey Parties from sharing what the Mulacek Parties claim is privileged and confidential information in the documents it has been requested to produce with those who are not currently parties to Trial Court Cause Number 21-08-11783.

For their part, the Dossey Parties do not contest the claim they will share the documents and information the Mulacek Parties say the intend to produce with others who are not parties to the state court case should the documents be produced without the benefit of a protective order prohibiting their further disclosure. And even though the Dossey Parties have not seen the documents or seen a privilege log relating to them, they have not suggested that when the attorney-client relationship that previously existed between the Mulacek Parties' and the lawyers with the Dossey firm. Instead, the Dossey Parties argue the documents are no

longer privileged because the Mulacek Parties sued the Dossey Parties, and Jim Dossey and Civelli likely have already seen them. And the Dossey Parties also claim that they should be allowed to share all the documents and information discovered in the state court case with Civelli and Civelli's counsel because they may find information in the documents that is beneficial to their efforts to rebut the Mulacek Parties' claims that Dossey and Civelli conspired to commit fraud.

The Dossey Parties also suggest the Mulacek Parties should have objected to their requests on the basis of privilege rather than moving for a protective order to preserve the right to complain about a ruling denying a protective order. We disagree with that argument, however, since an objection on the basis of privilege is not a prerequisite to error preservation when a party seeks a protective order under the Texas Rule of Civil Procedure Rule 192.6. That Rule provides:

> (a) Motion. A person from whom discovery is sought, and any other person affected by the discovery request, may move within the time permitted for response to the discovery request for an order protecting that person from the discovery sought. A person should not move for protection when an objection to written discovery or an assertion of privilege is appropriate, but a motion does not waive the objection or assertion of privilege. If a person seeks protection regarding the time or place of discovery, the person must state a reasonable time and place for discovery with which the person

will comply. A person must comply with a request to the extent protection is not sought unless it is unreasonable under the circumstances to do so before obtaining a ruling on the motion.

(b) Order. To protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, the court may make any order in the interest of justice and may--among other things--order that:

(1) the requested discovery not be sought in whole or in part;

(2) the extent or subject matter of discovery be limited;

(3) the discovery not be undertaken at the time or place specified;

(4) the discovery be undertaken only by such method or upon such terms and conditions or at the time and place directed by the court;

(5) the results of discovery be sealed or otherwise protected, subject to the provisions of Rule 76a.

Simply put, Rule 192.6(a) allowed the Mulacek Parties to file a motion for protective order without waiving their argument that a protective order was needed in the case to protect their documents subject to their attorney-client and confidentiality privileges from being seen by those who are not parties to the state court suit.[8]

Here, the request for production the Dossey Parties filed covers "[a]ll documents and communications relating to any legal services

---

[8]*See* Tex. R. App. P. 192.6(a) ("A person should not move for protection when an objection to written discovery or an assertion of privilege is appropriate, but a motion does not waive the objection or assertion of privilege.").

17

performed by Dale Dossey, Dossey & Jones, or James P. Dossey on behalf of either Plaintiff in a capacity as legal counsel for either Plaintiff." Thus the request required the Mulacek Parties to produce documents that invaded the Mulacek Parties' rights as against non-parties to assert an attorney-client privilege. Even the Dossey Parties concede the information covered by their request includes attorney-client privileged information. And the fact the Dossey Parties argued they intended to use the discovery in the state court case for purposes outside the state suit is yet another red flag that should have alerted the trial court to the need in the state court case for a protective order.

Under the circumstances and based on the arguments presented in the motions without ever reviewing any documents, the trial court should have seen the need to tailor a protective order tied to the needs of the case to conduct an in camera inspection or to issue a protective order to protect documents subject to the attorney-client and confidentiality privileges from disclosure to non-parties. That said, the trial court certainly had the right to question why the Mulacek Parties' attorney failed to provide the letter he sent to the court's coordinator to the attorney representing the opposing party (but not the documents

18

tendered to the court). But on this record, the tender of the documents to the court for an *in camera* inspection appears to have been an oversight by the attorney, not intentional. The trial court did not conduct a hearing to determine whether the documents were intentionally provided to the court in violation of the attorney's ethical duties to the court. The attorney's Motion to Seal suggests otherwise, as the motion references the July 2022 letter and appears to assume the attorney's office sent the opposing attorney a copy of the July 2022 letter sent by courier to the court coordinator. The attorney for the Mulacek Parties promptly apologized to the trial court after learning about the oversight that occurred in serving the July 2022 letter on opposing counsel by his office. And even then, the attorney-client privilege is a privilege held by the Mulacek Parties—not the attorney who is representing them in Trial Court Cause Number 21-08-11783.

Under Texas law, a trial court abuses its discretion if it refuses to conduct an *in camera* inspection when an *in camera* inspection is critical to evaluating a party's privilege claim.[9] The Mulacek Parties have not argued the Dossey Parties—their party opponents in the state court

---

[9]*In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 223.

suit—are not entitled to the discovery they requested. Instead, the Mulacek Parties argue they need a protective order in place before producing the documents to prevent the Dossey Parties from disclosing documents to nonparties.

Whether that relief is justified cannot be determined without the trial court first inspecting the documents claimed to be privileged and claimed to be confidential *in camera.* Under the circumstances, the Mulacek Parties invoked the correct rule by filing a motion asking the trial court for a protective order.[10] The Mulacek Parties did not waive their right to assert claims of privilege claims by moving for a protective order.[11] The trial court should have considered the needs of the case in deciding whether a protective order was necessary in protecting what both parties seem to agree constitute attorney-client privileged and confidential documents before requiring the Mulacek Parties' to produce the documents in discovery.

The Dossey Parties also argue the offensive-use doctrine supports the trial court's ruling denying the request the Mulacek Parties filed

---

[10]*See* Tex. R. Civ. P. 192.6(b)(5).

[11]*See In re Lincoln Elec. Co.*, 91 S.W.3d 432, 437-38 (Tex. App.—Beaumont 2002, orig. proceeding [mand. denied]).

asking the trial court to inspect the documents *in camera*. We disagree because the offensive-use doctrine doesn't apply when the party seeking relief has agreed to provide the documents to the opposing party and merely seeks to limit the documents from being produced to those who are not entitled to them.

The offensive-use doctrine prohibits a party from seeking affirmative relief and at the same time protecting documents from disclosure on claims of privilege when the documents could affect the outcome of the case.[12] That's not what the record shows occurred here. The Dossey Parties want the documents and the Mulacek Parties have agreed to produce them subject to a protective order. The dispute is whether the Dossey Parties have the right to provide the documents they receive from the Mulacek Parties to Civelli when the documents are subject to claims of privilege without the trial court reviewing the documents first. We see no reason to extend the offensive-use doctrine to protective orders since the protective order at issue here doesn't seek to

---

[12] *Tex. Dep't of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 761 (Tex. 1995).

prevent discovery and instead merely seeks to restrict the use of the discovery to those who are parties to the case before the court.[13]

Next, we turn to the trial court's refusal to review the documents *in camera* before ordering their production. The Mulacek Parties rely on Rule 192.6 to argue the trial court abused its discretion by refusing to review the documents *in camera* before denying their motion.[14] On this record, we agree.

No one disputes the trial court refused to review the documents *in camera*. To be fair, the trial court didn't review them because counsel for the Mulacek Parties failed to send a copy of the letter he sent to the court coordinator to the attorney for the Dossey Parties when the Mulacek Parties' attorney tendered documents to the court. Even so, the trial court's order denying the Mulacek Parties' Motion to Reconsider indicates the court didn't intend to change its ruling, leaving the Mulacek Parties with no choice except to seek to compel the trial court to review the documents *in camera* by filing an original proceeding in this Court.

---

[13]*See In re M-I L.L.C.*, 505 S.W.3d 569, 597 (Tex. 2016) (orig. proceeding) (The offensive-use doctrine does not decide the question of whether discoverable trade secrets may be disclosed to a competitive decision-maker who is acting as a litigant's designated representative.).

[14]*See* Tex. R. Civ. P. 192.6.

22

Assuming without deciding the documents at issue include attorney-client privileged and confidential information, an appropriate protective order is required to place limits on the rights of the parties in the state court case to prevent the any privileged or confidential documents from being disclosed to those who are not parties to Trial Court Cause Number 21-08-11783. As to Civelli, he should seek to obtain the documents from the Mulacek Parties he wants in federal court, as he should not be entitled to get them from another party involved in litigation in another forum. To boil it down: The trial court abused its discretion by refusing to review the documents the Mulacek Parties claim are subject to their attorney-client and confidentiality privileges before denying the Mulacek Parties' request seeking a protective order to prevent the Dossey Parties from using documents and information that may be either be confidential or subject to the Mulacek Parties' attorney-client privilege to be disclosed to those who are not parties to Trial Court Cause Number 21-08-11783.[15]

---

[15]If it appears the case is going to trial and the parties want the trial court to consider whether to seal any confidential or privileged documents introduced or that a party plans to introduce into evidence to be sealed, the party seeking a sealing order would need to file a motion,

## Conclusion

Under the circumstances of the case, we conclude the trial court abused its discretion by refusing to conduct an *in camera* inspection to decide whether an appropriate protective order was needed given the former relationships of the parties, the discovery involved, and the claims being made by the parties in the case.[16] Without inspecting the documents *in camera* to prevent them from being disclosed to those not parties to the state court suit, the trial court had no way to assess whether the documents the Mulacek wanted protected were either confidential or privileged.[17] We hold the Mulacek Parties lack an adequate remedy by appeal. We conditionally grant the Mulacek Parties' request for mandamus relief.

---

obtain a hearing, and obtain a ruling that addresses the requirements in Texas Rule of Procedure 76a. *See* Tex. R. Civ. P. 76a.

[16]Any protective order the trial court may ultimately sign should allow the parties to produce any documents under seal in another court for that court's *in camera* inspection so that court may rule on the claims of privilege raised to discovery or lodged to subpoenas issued by that court since the discovery rulings in state court on discovery are not binding in the federal forum.

[17]*See In re M-I L.L.C.*, 505 S.W.3d at 579-80 (when allegedly privileged documents are the only evidence to substantiate the claim of privilege, the trial court must review the documents *in camera*).

We are confident that the trial court will vacate its orders of March 25, 2022, and July 21, 2022. We are also confident the trial court will examine the documents *in camera* and sign a protective order appropriate to the needs of the case based on the documents it reviews.[18] A writ of mandamus will issue only should the trial court fail to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on November 8, 2022
Opinion Delivered January 19, 2023

Before Golemon, C.J., Horton and Wright, JJ.

---

[18]The Mulacek Parties should prepare a privilege log, numbering the documents and explaining as to each document what privilege or claim of confidentiality is being asserted. The privilege log (but not the documents) must be provided to the Dossey Parties so that they may respond. *See* Tex. R. Civ. P. 193.3(a).