## In re UNION PACIFIC RESOURCES COMPANY, Relator.

No. 99–0704.

Supreme Court of Texas.

Dec. 2, 1999.

Rehearing Overruled March 23, 2000.

Ralph H. Duggins, Fort Worth, Roy L. Barrett, Waco, Curtis E. Pritchard, John R. McLean, Cleburne, Shayne D. Moses, Fort Worth, Keith C. Cameron, Waco, Dan M. Boulware, Cleburne, for Relator.

James W. Walker, Dallas, Alfred Mackenzie, Waco, Katherine Anne Grossman, Marcus Jarrett Coleman, Kevin Lamar Sewell, Dallas, for Respondent.

PER CURIAM.

The issue in this original mandamus proceeding is whether the district court abused its discretion by partially sustaining relator's objections to discovery based on relevance when relator did not adduce evidence in support of its objections. Contrary to the court of appeals, we hold that the district court did not abuse its discretion.

Union Pacific Resources Company sued its excess insurer, Continental Insurance Company, for defense costs and payments made on liability claims covered, Union Pacific asserts, by Continental's policy. The claims related to a Corpus Christi petroleum refinery formerly owned by Union Pacific. Continental sought discovery of information pertaining to Union Pacific's settlement of entirely separate litigation with other insurers over coverage of claims relating to a waste disposal site in California that Union Pacific operated. Although Continental was not a party to the California litigation, it argues that releases in the settlement agreements might extend to the Corpus Christi litigation. Continental also argues that it needs the requested information to determine if Union Pacific has already been compensated for its claims against Continental by the California settlements.

Union Pacific objected to the requested discovery on the ground that it was not relevant to the Corpus Christi coverage dispute,[1] and Continental moved to compel. The district court held a lengthy hearing on Continental's motion, at which each side argued its position extensively. Neither side produced evidence. Union Pacific offered to submit the settlement agreements to the court for an in camera inspection, but Continental objected, and the court did not conduct an in camera review. The court ordered Union Pacific to produce the California settlement agreements with the dollar amounts of the settlements redacted, explaining: "I think there would need to be some showing that these other settlements are relevant to this lawsuit before the amounts of the settlement could be properly discoverable in this case."[2] After obtaining the redacted agreements, Continental again moved to compel pro-

---

1. Tex.R. Civ. P. 192.3(g) ("A party may obtain discovery of the existence and contents of any relevant portions of a settlement agreement.").

2. *See Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 649 (Tex.1995) (holding that the amount of money paid in settlement was not discoverable absent a showing of relevance to the issues in the case).

duction of the settlement amounts, arguing that how Union Pacific allocated them for purposes of its internal bookkeeping was relevant to show what the amounts were for. The district court denied Continental's motion, and Continental sought mandamus relief in the court of appeals.

The court of appeals conditionally granted relief, holding that the district court abused its discretion by refusing to order discovery when Union Pacific had not offered evidence that the requested information was irrelevant.[3] The court of appeals relied on our decisions in *Peeples v. Honorable Fourth Supreme Judicial District*[4] and *Weisel Enterprises, Inc. v. Curry.*[5] Neither decision supports the court of appeals' holding.

In *Peeples*, the plaintiff sued to cancel a transfer of stock, and the defendant requested production of all of the plaintiff's financial information for a stated period of time, as well as other information.[6] The plaintiff moved for protection on the ground that the requested information was irrelevant, but did not request an in camera inspection.[7] The district court denied the plaintiff's motion without reviewing the requested documents in camera.[8] The court of appeals held that this was an abuse of discretion and granted mandamus relief.[9] This Court held that the district court had not abused its discretion.[10] We stated:

> Any party who seeks to deny the production of evidence must claim a specific privilege against such production. The burden is on the party asserting a privilege from discovery to produce evidence concerning the applicability of a particular privilege.

We hold that any party who seeks to exclude documents, records or other matters from the discovery process has the affirmative duty to specifically plead the particular privilege or immunity claimed and to request a hearing on his motion. The trial court should then determine whether an in camera inspection is necessary. If such inspection is ordered by the trial court, those materials for which the inspection is sought must be segregated and produced to the court. Failure to follow the above procedure constitutes a waiver of any complaint of the trial court's action.[11]

The requirement that evidence be produced related to a claim of privilege, not to an objection based on relevance. We concluded that the district court had discretion to require the plaintiff to follow these procedures.

In *Weisel*, the defendant moved for protection from discovery on the ground that documents requested by the plaintiff were work product and subject to the attorney-client privilege.[12] The defendant supplied the district court with a list of documents but did not submit them to the court for an in camera inspection and offered no evidence of privilege.[13] The district court granted the defendant's motion and a divided court of appeals denied mandamus relief.[14] This court granted mandamus relief, holding that the defendant had failed to establish the applicability of any privilege.[15]

---

**3.** 990 S.W.2d 941, 944, 994 S.W.2d 423, 428–429 (op. on reh'g).

**4.** 701 S.W.2d 635 (Tex.1985).

**5.** 718 S.W.2d 56 (Tex.1986) (per curiam).

**6.** 701 S.W.2d at 636.

**7.** *Id.*

**8.** *Id.*

**9.** *Id.*

**10.** *Id.* at 637.

**11.** *Id.* (citations omitted, emphasis added).

**12.** 718 S.W.2d at 58.

**13.** *Id.*

**14.** *Id.* at 57.

**15.** *Id.* at 58–59.

Neither *Peeples* nor *Weisel* requires evidence in support of an assertion relating to discovery when evidence is unnecessary to decide the matter. We made this clear in former Rule 166b(4) of the Texas Rules of Civil Procedure, which required that "a party seeking to exclude any matter from discovery on the basis of an exemption or immunity from discovery ... shall produce *any evidence necessary* to support such claim".[16] The same provision has been carried over into current Rule 193.4(a), which states: "The party making the objection or asserting the privilege must present *any evidence necessary* to support the objection or privilege." [17] As the rule recognizes, evidence may not always be necessary to support a claim of protection from discovery.

Evidence was not necessary to determine the discoverability of Union Pacific's settlement agreements related to the California litigation. Indeed, it is not clear what evidence *could* have been produced on the issue. The question was simply whether the settlement dollar amounts are pertinent to the issues in the current litigation. Continental's sole argument was that information concerning Union Pacific's internal allocation and budgeting of settlement proceeds from the California litigation might show that it considered some of the funds attributable to the Corpus Christi litigation. The district court could determine without hearing evidence that the purpose for payment of the settlement proceeds was determined by the terms of the agreements, which had already been produced for Continental, and not by Union Pacific's internal bookkeeping.

The district court acted well within its discretion, and consequently it was an abuse of discretion for the court of appeals to direct that the discovery order be vacated.[18] We have previously held that if settlement information like Continental seeks is erroneously ordered produced, the producing party has no adequate remedy on appeal.[19] Having shown an abuse of discretion and the lack of an adequate appellate remedy, Union Pacific is entitled to mandamus relief.[20] The court of appeals is directed to withdraw its judgment and deny Continental's petition for mandamus. We are confident the court of appeals will promptly comply, and our writ will issue only if that confidence proves misplaced.

---

16. 793–794 S.W.2d (Tex.Cas.) xxxi, xxxiii (emphasis added).

17. Tex.R. Civ. P. 193.4(a) (emphasis added).

18. *Scott v. Twelfth Court of Appeals,* 843 S.W.2d 439, 440 (Tex.1992); *Peeples,* 701 S.W.2d at 637.

19. *Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 649 (Tex.1995).

20. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992).