Relator=s Motion for Rehearing Overruled; Petition for Writ of Mandamus
Denied; Memorandum Opinion of July 10, 2007 Withdrawn and Substitute Memorandum
Opinion filed October 18, 2007








Relator=s Motion for Rehearing Overruled; Petition for Writ of
Mandamus Denied; Memorandum Opinion of July 10, 2007 Withdrawn and Substitute
Memorandum Opinion filed October 18, 2007.  

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00190-CV

____________

 

IN RE CITIZENS SUPPORTING METRO SOLUTIONS, INC., 

 Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

S U B S T
I T U T E   M E M O R A N D U M  O P I N I O N[1]








 In this
original proceeding, the relator, plaintiff in the court below, seeks a writ of
mandamus based on the trial court=s alleged clear abuse of discretion
by (1) signing orders abating discovery, (2) sustaining all six categories of
objections that the real party in interest/defendant asserted against
twenty-four discovery requests, (3) denying the relator=s motion to compel discovery, and (4)
improperly addressing the merits of relator=s claims in the order denying the
motion to compel. The parties have extensively briefed the First Amendment
issues relating to two of the six categories of discovery objections.  However,
in its petition, relator does not challenge three of the six independent
grounds upon which the trial court based its order denying the motion to compel
discovery.  Moreover, relator does not present any argument, analysis, record
citations or legal authority showing that (1) the trial court clearly abused
its discretion in sustaining three categories of the real party in interest=s objections or (2) the trial court
clearly abused its discretion by abating discovery.  Accordingly, we deny relator=s petition for writ of mandamus. 

Background

Relator
Citizens Supporting Metro Solutions, Inc. (ACitizens@) filed suit against real party in
interest Texans for True Mobility (ATrue Mobility@), and its  unnamed contributors and Aconspirators,@ regarding True Mobility=s advocacy against the transit system
plan proposed in August of 2003 by the Metropolitan Transit Authority of Harris
County (AMetro@).  The transit plan, which included
construction and extension of a light rail system, was placed on the November
2003 ballot and approved by Harris County voters (the Aballot measure@).  In the underlying suit, Citizens
alleges that True Mobility violated Election Code provisions by seeking
political contributions and making political expenditures in connection with
the ballot measure without filing the required disclosures under the Election
Code.[2]  








Citizens
served discovery requests on True Mobility in the summer of 2004.  True
Mobility responded to several interrogatories and requests for production, but
objected on various grounds to twenty-four of the discovery requests.  As to
these twenty-four discovery requests, True Mobility asserted the following
objections:

(1)       The information and documents sought are protected by True
Mobility=s right to freedom of speech under the First Amendment
of the United States Constitution and Article I, Section 8, of the Texas
Constitution.  

(2)       The information and documents sought are protected by True
Mobility=s right to freedom of association under the First
Amendment of the United States Constitution and Article I, Section 8, of the
Texas Constitution. 

(3)       The information and documents sought are neither relevant nor
reasonably calculated to lead to the discovery of admissible evidence.

(4)       The request or interrogatory is vague.

(5)       The request or interrogatory is overly broad.

(6)       The request or
interrogatory is unduly burdensome.

Citizens
filed a motion to compel asserting that the trial court should overrule True
Mobility=s discovery objections and order True
Mobility to produce the responsive documents and information.  The trial court
conducted a hearing on this motion on April 4, 2005.  Subsequently and before
the trial court ruled on this discovery motion, the parties agreed to abate the
suit pending the Texas Supreme Court=s decision in a case involving
similar issues, In re William O. Hammond, Cause No. 04-0089.  The Texas
Supreme Court, however, denied mandamus in that case without opinion.[3] 









Thereafter,
Citizens filed a supplemental memorandum of authorities in support of its
motion to compel.  The trial court held another hearing regarding Citizens= motion to compel on October 30,
2006.[4]  At this
hearing, the trial court invited True Mobility to file a motion for summary
judgment, which True Mobility filed on November 2, 2006.  The following day,
Citizens amended its discovery and filed a ANotice of Amendment of Pending
Written Discovery and Supplemental Motion Compelling Discovery,@ agreeing Athat in responding to outstanding
written discovery or in depositions, True Mobility may withhold the names of
donors or contributors whose names are not already public . . . .@  








Citizens
also served True Mobility with amended discovery requests and filed a motion to
shorten the time for responses to the written discovery.  In response, True
Mobility moved to stay all discovery pending disposition of its
summary-judgment motion, again asserting, among other objections, that the
requested discovery was privileged under the First Amendment and the Texas
Constitution.  Citizens then moved to continue consideration of the motion for
summary judgment, arguing that it needed additional discovery before it could
fully respond to True Mobility=s motion for summary judgment.  On November 17, 2006, the
trial court granted True Mobility=s motion to abate discovery pending a
ruling on True Mobility=s motion for summary judgment.  After this ruling, Citizens
filed a supplemental motion to continue consideration of True Mobility=s motion for summary judgment.  In
this motion, Citizens again asserted that True Mobility=s discovery objections based on the
First Amendment lack merit and again asked that the trial court postpone
consideration of the motion for summary judgment.  The record indicates that
the trial court heard Citizens= motion to continue consideration of True Mobility=s motion for summary judgment on
December 11, 2006.  The trial court=s docket sheet indicates that the
trial court granted this motion in open court on December 11, 2006, with a
written order to follow.  On February 7, 2007, the trial court signed an order
in which it granted Citizens= motion to continue and ruled that True Mobility=s summary-judgment motion is
continued Auntil such time that the issues on appeal regarding discovery and
[Citizens=] Motion to Compel same are determined by the Court of Appeals.@  To date, the trial court has not
ruled on True Mobility=s summary-judgment motion.  

On
February 16, the trial court signed an order denying Citizens= motion to compel discovery (the AFebruary 16 order@).  The trial court stated: Athe Court finds that none of the
mailers disseminated by [True Mobility] constitute express advocacy as a matter
of law, and therefore none of [True Mobility=s] conduct is regulated by the Texas
Election Code.@  Citizens= motion to compel was denied in its entirety and all of True
Mobility=s objections to twenty-four discovery
requests were sustained. However, the trial court did not dismiss any of
Citizens= claims.  

Citizens
contends the trial court improperly considered the merits of its claims while
ruling on discovery issues.  The scope of discovery is measured by the live
pleadings regarding the pending claims.  See, e.g., Lunsford v. Morris,
746 S.W.2d 471, 473 (Tex. 1988) (stating that discovery is based on matters
relevant to the claims pleaded and that parties need not prove their claims
before they are entitled to discovery), overruled on other grounds by Walker
v. Packer, 827 S.W.2d 833, 842 (Tex.1992) (orig. proceeding).  A discovery
mandamus cannot be used to obtain an advance adjudication of the merits.  If,
as here, the trial court does not rule on the merits of any of the claims, then
the scope of discovery in the mandamus proceeding will be based on the pleadings. 
If the trial court grants partial summary judgment as to some of the claims,
then discovery will be unnecessary relative to those claims.  Consequently,
discovery in support of those claims will not be relevant to a subsequent
mandamus petition.        








In its
mandamus petition, Citizens asserts the following:

!         Citizens challenges (1) the order of November 17, 2006 abating
discovery pending a ruling on True Mobility=s
summary-judgment motion, (2) the order of February 7, 2007 continuing
consideration of True Mobility=s
summary-judgment motion, and (3) the February 16 order.

!         The trial court clearly abused its discretion in denying
Citizens= motion to compel discovery and in abating all
discovery based on True Mobility=s
claim that the First Amendment grants it immunity from discovery relating to
claims against it under the Texas Election Code.

!         Citizens is entitled to conduct discovery, and the First
Amendment does not provide True Mobility with a blanket privilege to avoid participation
in discovery.  The First Amendment does not protect True Mobility from
discovery that does not require True Mobility to identify contributors whose
names are not already public.  For various reasons, the trial court erroneously
sustained True Mobility=s constitutional objections to discovery.

!         This court should issue mandamus because in denying Citizens= discovery motion, the trial court improperly
prejudged the merits of Citizens=
claims and excused True Mobility from the obligation to engage in discovery.  

!         The discovery that Citizens seeks is essential for Citizens to
develop admissible evidence in support of its claims.  

!         The information and
documents sought are relevant.








Citizens
has thoroughly briefed its argument that the trial court clearly abused its
discretion by sustaining True Mobility=s objections to discovery under the
First Amendment, providing ample legal authorities and record citations to
support its contentions.  However, the trial court=s ruling was not based solely on
First Amendment grounds.  Even if this court were to find merit in Citizens= arguments that the trial court
clearly abused its discretion in sustaining True Mobility=s first three categories of discovery
objections, this court still could not grant Citizens= petition unless the trial court also
abused its discretion in sustaining True Mobility=s objections that the discovery
requests are vague, overly broad, and unduly burdensome. See In re SWEPI,
L.P., 103 S.W.3d 578, 588B90 & n.9 (Tex. App.CSan Antonio 2003, orig. proceeding) (holding
that trial court clearly abused its discretion in denying motion to compel
discovery, but only after court concluded that trial court clearly abused its
discretion in sustaining each of the objections to the discovery in question). 
However, Citizens= petition does not contain any argument, analysis, record
citations or legal authority in support of the proposition that the trial court
clearly abused its discretion in sustaining True Mobility=s objections as to these other three
independent grounds upon which the trial court denied the discovery in
question.[5]  See Tex. R. App. P. 52.3 (h) (stating that A[t]he petition must contain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the appendix or record@); In re Lausch, 177 S.W.3d
144, 154 (Tex. App.CHouston [1st Dist.] 2005, orig. proceeding) (holding that
relator waived argument because his petition did not contain appropriate
citations to the record and authorities); In re SWEPI, L.P., 103 S.W.3d
at 588B90 & n.9 (limiting mandamus
inquiry to the issues argued in the mandamus petition);  In re Kuhler, 60 S.W.3d
381, 384 (Tex. App.CAmarillo 2001, orig. proceeding) (stating that mandamus
petition must contain more than mere conclusions and that it must provide
substantive analysis and discussion of the facts and authorities relied upon). 
Therefore, we deny Citizens= petition for mandamus as to the February 16 order.[6]













            On one page
in its petition, Citizens states that it also challenges (1) the trial court=s November 17, 2006 order abating
discovery pending the trial court=s ruling on True Mobility=s motion for summary judgment, and
(2) the trial court=s February 7, 2007 order continuing consideration of True
Mobility=s summary-judgment motion.  In its
petition, Citizens fails to present any argument, analysis, record citations or
legal authority in support of the proposition that the trial court clearly
abused its discretion  by signing the November 17, 2006 order or the February
7, 2007 order.[7] See Tex. R. App. P. 52.3 (h); In re
Lausch, 177 S.W.3d at 154; In re Kuhler, 60 S.W.3d at 384.
Therefore, we deny relator=s petition for mandamus as to these orders. 

Accordingly, we deny Citizens= petition for writ of mandamus.

 

 

/s/        Charles W. Seymore                                                                                                       Justice

 

Relator=s Motion for Rehearing Overruled;
Petition for Writ of Mandamus Denied; Memorandum Opinion of July 10, 2007
Withdrawn and Substitute Memorandum Opinion filed October 18, 2007.

Panel consists of
Justices Frost, Seymore, and Guzman.  









[1]           We overrule Relator=s
motion for rehearing, withdraw our July 10, 2007 opinion, and issue this
substitute memorandum opinion.





[2]           The Election Code provides a claim to opposing
political committees for violations of the code provisions.  See Tex. Elec. Code Ann. ' 253.132 (Vernon 2003).  Specifically, Citizens
alleged that True Mobility violated sections 253.096 and 253.097, which
provide, respectively, that a corporation (1) Amay make campaign contributions from its own property in connection
with an election on a measure only to a political committee for supporting or
opposing measures exclusively,@ and (2) Anot acting in concert with another person may make one
or more direct campaign expenditures from its own property in connection with
an election on a measure if the corporation@
makes the expenditures in accordance with the reporting requirements contained
in the Election Code.   Id. ''
253.096, 253.097.  





[3]           According to Citizens, in Hammond, the Texas
Association of Business made the same constitutional privilege arguments
against discovery as True Mobility asserts in this case.  However, in that
case, the trial court compelled discovery.





[4]           In its motion for rehearing, Citizens appears to suggest
that True Mobility waived all of its non-constitutional discovery objections by
not mentioning them in its response in opposition to Citizens= motion to compel.  However, we note that True
Mobility did ask the trial court to sustain all of its objections to the
discovery requests, and any failure to brief the non-constitutional objections
in this response would not result in waiver of the non-constitutional
objections.  In addition, we do not have a record of the arguments of counsel
at the two hearings on the motion to compel, and True Mobility may have argued
its non-constitutional objections at those hearings.  Indeed, True
Mobility=s counsel has
submitted an affidavit to this court in which he recalls arguing that the trial
court should sustain all of True Mobility=s
objections.





[5]           In its motion for rehearing, Citizens implies that it
may have made such an argument in its petition because: (1) it argued that the
discovery sought was relevant and necessary to prove its claims (2) therefore,
the discovery requests could not be vague, overly broad, and unduly
burdensome.  While Citizens did assert in its petition that the discovery
sought was relevant, it did not analyze the discovery requests and attempt to
show how the trial court clearly abused its discretion in sustaining objections
that the requests are vague, overly broad, and unduly burdensome.  Nor did
Citizens cite authorities in support of such an argument in its petition. 





[6]           In its motion for rehearing, Citizens asserts for the
first time that True Mobility was required to submit evidence in support of its
objections that the requests are vague, overly broad, and unduly burdensome. 
Citizens bases this assertion on the premise that a party objecting to
discovery must always provide evidence in support of all its objections at a
motion-to-compel hearing.  However, this premise is incorrect.  See In re
Union Pacific Resources Co., 22 S.W.3d 338, 339B40 (Tex. 1999) (holding that evidence is not always
necessary to support all discovery objections and that trial court did not
abuse its discretion in sustaining relevance objections that were unsupported
by evidence).  Indeed, in one of the cases cited by Citizens, the Texas Supreme
Court concluded the trial court abused its discretion by sustaining a privilege
objection absent evidence supporting the privilege; however, the Supreme Court
held that the trial court did not abuse its discretion in sustaining objections
that a discovery request was vague and overbroad, without presentation of any
evidence.  See Loftin v. Martin, 776 S.W.2d 145, 147B48 (Tex. 1989).  Even if True Mobility were required
to produce evidence in support of its Aunduly
burdensome@ objections, it was not required to do so as to its
vagueness and overly broad objections.  See In re Union Pacific Resources
Co., 22 S.W.3d at 339B40; Loftin, 776 S.W.2d at 147B48.  In any event, in response to Citizens= motion for rehearing, True Mobility has presented an
affidavit from counsel stating that it presented documentary evidence at the
hearings on Citizens= motion to compel and that, at Citizens= request, no record was made of these hearings.  

 





[7]           On rehearing, Citizens asserts it intended to argue in
its petition that the trial court abused its discretion by signing these orders
and there is no remedy by appeal because Citizens was denied discovery of
relevant information that goes to the heart of the litigation. In its motion
for rehearing, Citizens states: A[i]t
hardly seems necessary to argue that the trial court=s exercise of discretion was improper in this case.@  Mandamus will not lie to review abatement of
discovery unless it is Aof such an egregious nature that it goes to the heart
of [the relator=s] case,@
and Apermanently deprive[s] [the relator] of substantial
rights.@  Polaris Inv. Mgmt. Corp. v. Abascal, 892
S.W.2d 860, 862 (Tex. 1995).  For example, mandamus will lie to correct a seven‑year
abatement of Adiscovery that goes to the heart of the litigation@ where the Acontinued
abatement of the discovery process after seven years of litigation threatens
that evidence critical to the claims made will become unavailable before
discovery can be conducted.@   In re Van
Waters & Rogers, Inc., 62 S.W.3d 197, 201 (Tex. 2001). On rehearing,
Citizens contends  this case is similar to In re Van Waters & Rogers,
Inc. and states that Athis case has been on hold for more than a year.@ However, the trial court signed the first order
abating discovery on November 17, 2006Cless
than a year ago. Citizens did not seek mandamus relief against the discovery
stay until it filed this proceeding on March 6, 2007.  In addition, after the
trial court stayed discovery until it ruled on True Mobility=s motion for summary judgment, Citizens asked for
postponement of the ruling on the summary-judgment motion, and in doing so, did
not ask the trial court to revoke its order abating discovery until the trial
court ruled on the summary-judgment motion.  The trial court granted Citizens= request that it postpone consideration of the
summary-judgment motion, which resulted in suspension of discovery until
conclusion of this mandamus proceeding.  Even if Citizens had provided argument
in its petition, we question whether Citizens could have shown itself entitled
to mandamus relief as to these two orders.  In any event, the facts revealed by
the record in this case are not similar to In re Van Waters & Rogers,
Inc.  See In re Chu, 134 S.W.3d 459, 466 (Tex. App.CWaco 2004, orig. proceeding) (distinguishing In re
Van Waters & Rogers, Inc. and concluding that trial court did not
clearly abuse its discretion in suspending discovery sought in support of a
counterclaim until after trial court ruled on a motion to dismiss the
counterclaim).