# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00384-CV

### In re Unitrin County Mutual Insurance Company f/k/a Charter County Mutual Insurance Company, named as Financial Indemnity Company

### ORIGINAL PROCEEDING FROM HAYS COUNTY

### M E M O R A N D U M   O P I N I O N

This mandamus proceeding involves a discovery dispute in a case filed by Edmond and Rhonda Bisland against Relator Unitrin County Mutual Insurance Company ("Unitrin") for violations of the insurance code, breach of contract, and breach of *Stowers* duty in a related personal injury case.[1] *See G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved) (insurer has duty to accept claimant's reasonable offer to settle within policy limits). Unitrin has filed a petition for writ of mandamus, seeking to vacate the trial court's order requiring the production of documents that Unitrin asserts are protected by the attorney-client and work-product privileges. *See* Tex. R. Evid. 503; Tex. R. Civ. P. 192.5. This is the fourth mandamus proceeding to arise from discovery disputes in the underlying litigation. *See In re Unitrin*, No. 03-10-00250-CV, 2010 Tex. App. LEXIS 4818 (Tex.

---

[1] *See Simmons v. Bisland*, No. 03-08-00141-CV, 2009 Tex. App. LEXIS 2473 (Tex. App.—Austin Apr. 9, 2009, pet. denied) (mem. op.).

App.—Austin June 25, 2010, orig. proceeding) (mem. op.); *In re Unitrin*, No. 03-10-00178-CV, 2010 Tex. App. LEXIS 2290 (Tex. App.—Austin Mar. 29, 2010, orig. proceeding) (mem. op.); *In re Unitrin*, No. 03-09-00214-CV (Tex. App.—Austin May 28, 2009, orig. proceeding) (mem. op.).

The facts related to the present dispute were fully described in our June 25, 2010 opinion denying Unitrin's petition for writ of mandamus. *See In re Unitrin*, 2010 Tex. App. LEXIS 4818, at *2-4. The documents at issue are billing records for legal work performed by trial counsel for Unitrin's insureds, Lindig Construction and Trucking ("Lindig") and Richard Simmons, in the related personal injury suit ("Trial Counsel"). In March 2010, the Bislands served Trial Counsel with a notice of oral deposition and a subpoena duces tecum. Unitrin then filed a motion to quash the notice and objected to the document requests as being overbroad and duplicitous of prior discovery. After a hearing, the trial court denied the motion to quash and overruled Unitrin's objections to the subpoenaed documents.

The deposition was held as scheduled on April 13, 2010. During the deposition, Trial Counsel represented that he had not "withheld any documents that ha[d] been requested for any reason." However, it was later discovered that other responsive documents existed. In an affidavit attached to Unitrin's motion to reconsider the order to compel discovery, Trial Counsel stated as follows:

> During that deposition, I was asked if I had any recent invoices for legal work in the underlying lawsuit. I said I would check, and had someone in my office . . . try and find these documents. These invoices would describe the legal services that I and others at my firm performed in the underlying lawsuit. At the close of the deposition, there were some invoices left on my desk. I did not review these documents, but gave them to Mr. Cain, counsel for Defendant Unitrin, who also attended the deposition. Following my deposition, [counsel for the Bislands] sent me a letter

2

asking me for other invoices in the underlying lawsuit, and I forwarded those to Mr. Cain as well. Mr. Cain informed me that he would review all these documents to determine if any privilege needed to be asserted.

Unitrin filed two supplemental privilege logs, asserting the attorney-client and work-product privileges with respect to the invoices. *See* Tex. R. Civ. P. 193.3. The trial court issued an order compelling the production of the newly discovered documents, leading Unitrin to file its petition for writ of mandamus in cause number 03-10-00250-CV. *See In re Unitrin*, 2010 Tex. App. LEXIS 4818. In that proceeding, Unitrin asserted that the trial court had abused its discretion by ordering production of the documents without first reviewing the documents in camera to determine the applicability of the asserted privileges. *Id.* at *1, *4. The Bislands took the position that the privileges had been waived and that Unitrin had not made a prima facie showing that the documents were privileged. *Id.* at *4. This Court denied the petition based on Unitrin's failure to tender the documents to the trial court for an in camera inspection. *Id.* at *8-9. ("Because Unitrin failed to present any evidence to the trial court, including the documents themselves, to substantiate its claims [of privilege], we cannot conclude that the trial court abused its discretion in ordering Unitrin to produce the documents.").

After its petition for writ of mandamus was denied on June 25, Unitrin returned to the trial court and tendered the documents in question for an in camera inspection, contemporaneous with a motion to reconsider the previous ruling compelling production. The trial court declined to review the documents in camera and denied the motion to reconsider. Unitrin then filed this original proceeding, again alleging that the trial court has abused its discretion by ordering production of the documents without performing an in camera inspection.

3

*Propriety of Mandamus Relief*

As a preliminary matter, we address the Bislands' contention that Unitrin is not entitled to mandamus relief because a trial court does not have a ministerial duty to reconsider its own discovery rulings. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) ("Traditionally, the writ of mandamus issued only to compel the performance of a ministerial act or duty."). However, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* at 840. The Texas Supreme Court has made clear that mandamus relief is appropriate to protect confidential documents from discovery. *See In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 256 (Tex. 2005); *In re Union Pac. Res. Co.*, 22 S.W.3d 338, 341 (Tex. 1999). Accordingly, we hold that the procedural posture of this original proceeding, arising as it does from the denial of a motion to reconsider, does not preclude mandamus relief if it is otherwise appropriate.

*Timely Assertion of Privilege*

The Bislands argue that Unitrin cannot now assert the attorney-client and work-product privileges because Trial Counsel represented during his deposition that all responsive documents had been produced. "[S]ignificant effort was made by the promulgators of the Rules [of Civil Procedure] to avoid waiver by a party when privileged materials or information may be at issue." *In re Lincoln Elec. Co.*, 91 S.W.3d 432, 436 (Tex. App.—Beaumont 2002, orig. proceeding) (emphasis omitted). According to Trial Counsel's affidavit, he was not aware of and had not reviewed the purportedly privileged documents at the time he represented that all documents had been produced. Comment 3 to Rule 193 provides that "when large numbers of documents are being

produced, a party may amend the initial response when documents are found as to which the party claims privilege." Tex. R. Civ. P. 193 cmt. 3. That is what Unitrin did in the present case—amended its initial discovery response when additional documents were found.[2] Accordingly, we hold that Unitrin did not lose the right to assert claims of privilege based on Trial Counsel's representation that all documents had been produced. Rather, Unitrin properly asserted its claims by filing its first and second supplemental privilege logs upon discovering the documents in question.

*Effect of Waiver by Simmons*

The Bislands also contend that because Simmons, one of the parties represented by Trial Counsel in the personal injury suit, executed a written waiver of any attorney-client privilege conferred upon him, Unitrin is now precluded from asserting the attorney-client privilege.[3] While Simmons did in fact execute such a waiver, Lindig did not. Accordingly, Unitrin maintains that it only asserts the attorney-client privilege as to billing records involving legal work performed for Lindig. The Bislands take the position that Simmons's waiver was sufficient to waive the attorney-

---

[2] In their response to the petition for writ of mandamus, the Bislands contend that Trial Counsel did not discover the withheld documents for the first time after his deposition, despite his affidavit to that effect. To support this contention, the Bislands rely on deposition excerpts that were not before the trial court and that are not properly part of the record in this original proceeding. Our review of the trial court's action in this case is limited to the record that is properly before us. We apply this principle to both parties, as the Bislands also complain that the relator's record filed by Unitrin improperly includes certain documents that were not before the trial court. We note also that even if we were able to consider the deposition excerpts attached to the Bislands' response, they do not support the Bislands' claim that Trial Counsel was aware of the existence of the documents prior to the deposition.

[3] Simmons's written waiver did not purport to waive the work-product privilege.

5

client privilege as to all invoices that Trial Counsel sent to Unitrin for work done on the personal-injury suit.

It is well settled that a client has the right to waive the attorney-client privilege. Tex. R. Evid. 511. However, the Bislands have not presented, and we have not found, any authority to support their argument that one client may waive the attorney-client privilege on behalf of another client. While the Bislands rely on *In re General Agents Insurance Co. of America, Inc.*, the insurer in that case was attempting to withhold communications between counsel and its insured, despite the fact that attorney-client privileges had been waived by the insured, the *sole client* involved in the privileged communications. 224 S.W.3d 806, 814 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (holding that where insured has waived privilege, insurer "no longer has grounds on which to assert privileges on [insured's] behalf"). In the present case, only one of the two clients—Simmons—has waived the privilege.

Texas Rule of Evidence 503(d)(5) provides that the attorney-client privilege does not apply to "a communication relevant to a matter of common interest between or among two or more clients if the communication was made by any of them to a lawyer retained or consulted in common, *when offered in an action between or among any of the clients*." Tex. R. Evid. 503(d)(5) (emphasis added). Thus, the rule contemplates that when a communication relevant to a common matter between two clients is requested in discovery, the attorney-client privilege remains intact as to each client unless the suit is between the joint clients. *See id.* The underlying litigation in this case is not a suit between Trial Counsel's two joint clients. Accordingly, we hold that Simmons's waiver of the attorney-client privilege did not operate to waive Lindig's privilege as well.

6

*Prima Facie Showing of Privilege*

Having determined that privileges have not been waived in this case, we now turn to the issue of whether Unitrin properly made a prima facie showing of privilege. If a party asserting privilege claims makes a prima facie showing of privilege and tenders documents to the trial court, the trial court must conduct an in camera review of those documents before compelling production. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004). "The prima facie standard requires only the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Id.* (quoting *Texas Tech Univ. Health Scis. Ctr. v. Apodaca*, 876 S.W.2d 402, 407 (Tex. App.—El Paso 1994, writ denied)). In the present case, Unitrin tendered the documents themselves to the trial court in support of its claims of privilege. "The documents themselves may constitute sufficient evidence to make a prima facie showing of attorney-client or work product privilege." *Id.*

Our review of the withheld documents, which are before us in the form of a sealed record, suggests that Unitrin has properly made a prima facie showing of privilege, as these documents are sufficient to support a rational inference that the attorney-client and work-product privileges apply. Once a party has made a prima facie showing of privilege and tendered documents for inspection, the trial court's failure to conduct an in camera review before compelling production is an abuse of discretion, subject to mandamus relief. *Id.* at 223, 227.[4]

---

[4] Our holding is limited to whether a prima facie showing of privilege has been made. The question of whether the documents are actually subject to privilege shall be decided by the trial court after an in camera inspection.

Because the trial court ordered production without conducting an in camera review of the documents, we conditionally grant the petition for writ of mandamus and compel the trial court to conduct an in camera review before ordering production of the documents at issue. The writ will issue only in the unlikely event that the trial court fails to comply with this opinion.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed:   July 22, 2010