**Petition for Writ of Mandamus Conditionally Granted in Part and Memorandum Opinion filed April 12, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-12-00239-CV

_____

**IN RE JOHN GILBERT BADGEROW and CECELIA LYNN BADGEROW, Relators**

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
133rd District Court
Harris County, Texas
Trial Court Cause No. 2010-40502**

---

## M E M O R A N D U M   O P I N I O N

In this original proceeding, relators, John Gilbert Badgerow and Cecelia Lynn Badgerow, complain that the respondent, the Honorable Jaclanel M. McFarland, presiding judge of the 133rd District Court of Harris County, Texas, improperly granted a motion to quash a deposition on written questions and subpoena duces tecum served on a non-party. We conditionally grant the writ in part.

Relators sued Atco-Valley Plaza, LLC (Atco), the real party in interest in this

proceeding, and others, alleging, among other claims, that the defendants defrauded them into making a $600,000 loan to Atco by misrepresenting the value of the land used to secure the loan, a four-acre tract that is part of a larger tract of land owned by Atco. Relators assert that Atco failed to disclose (1) that the land is subject to a multi-million dollar environmental contamination suit, (2) whether utilities are available, and (3) that Atco claims an easement across the middle of the property. Before making the loan, Atco provided relators with an opinion letter on the value of the mortgaged property authored by Eric Hughes, the owner of CenterMark Real Estate, LLC, who had listed the property for sale. The opinion letter does not mention these three matters about which relators have now sued. According to relators, Hughes had given a deposition in the environmental suit before he wrote the opinion letter on the mortgaged property's value. Atco defaulted on the loan and relators foreclosed on the deed of trust in 2010. After the foreclosure, relators learned of the alleged misrepresentations and claim that the land is unmarketable, resulting in the underlying suit.

Relators served a notice of deposition on written questions and subpoena duces tecum on CenterMark Real Estate, LLC.[1] Questions 1-11 are traditional business records foundation questions. Questions 12-17 are as follows:

12. Was Eric Hughes compensated by Atco for the opinion letter attached hereto as Exhibit 1 (the "Opinion Letter")? If so, give the dollar amount of compensation, and state who paid the compensation.

13. At the time the Opinion Letter was sent to Mr. Cooke, did Eric Hughes know that the letter would be presented to a potential lender of Atco or potential buyer of Atco's real property?

14. What did Eric Hughes understand to be the reason the Opinion Letter was requested by Atco?

15. Describe the diligence used to obtain the value set forth in the Opinion

[1] The notice and subpoena were also served on Texas Capital Bank, but no claim for relief on its behalf has been filed.

2

Letter.

16. On the date of the Opinion Letter, was Eric Hughes aware that Atco was suing a prior owner for environmental contamination to the real property valued n the opinion letter? If so, how did the lawsuit factor into the valuation given in the Opinion Letter?

17. Describe by date, content, and participants, any conversation you had with Jay Cooke regarding his purchase or construction of a residence in the Carribean.

The document categories requested are listed as follows:

1. All documents sent by Eric Hughes to Atco-Valley Plaza, LLC, or its representatives or affiliates, or vice versa, relating or referring to any of the following subjects:

(A) John and Lynn Badgerow.

(B) The four-acre tract pledged by Atco-Valley Plaza, LLC, to the Badgerows.

(C) Environmental contamination on real property owned by Atco-Valley Plaza, LLC.

(D) Efforts by Atco-Valley Plaza, LLC, to sell real property.

(E) Real property owned by Atco-Valley Plaza, LLC.

(F) Listing agreements.

2. All documents sent by you to any third party, or vice versa, relating or referring to any of the following subjects:

(A) John and Lynn Badgerow.

(B) The four-acre tract pledged by Atco-Valley Plaza, LLC, to the Badgerows.

(C) Environmental contamination on real property owned by Atco-Valley Plaza, LLC.

(D) The sale or potential sale of real property by Atco-Valley Plaza, LLC.

(E) Real property owned by Atco-Valley Plaza, LLC.

3. All documents relating or referring to viewed or relied upon in the making of the opinion letter attached hereto as Exhibit 1, including but not limited to calculations.

4. All documents concerning or referring to environmental contamination on real property owned by Atco-Valley Plaza, LLC.

5. All documents concerning or referring to development or potential development of real property owned by Atco-Valley Plaza, LLC, including but not limited to diagrams, plans estimates, and proposals.

6. All documents concerning or referring to utilities serving, or planned for, real property owned by Atco-Valley Plaza, LLC.

7. All documents concerning or referring to easement rights appurtenant to real property owned by Atco-Valley Plaza, LLC.

8. All surveys, appraisals, opinion letters, descriptions, offers to sell, communications, and listings concerning real property owned by Atco-Valley Plaza, LLC.

Atco objected to the questions and request for documents on relevance and overbreadth grounds.[2] Relators filed a response and requested an oral hearing. The trial court granted the motion to quash without an oral hearing on January 3, 2012. Relators then filed this proceeding on March 7, 2012, and the real party, at the court's request, filed a response to relator's petition.

In addition to asserting that Atco's motion to quash lacked merit, relators argue that the trial court's order conflicts with Texas Rule of Civil Procedure 193.4(a) in denying a hearing on the motion.[3] Relators ask that we find that the trial court's January 3, 2012

---

[2] No objection was made to Questions 1-11, the predicate questions.

[3] Rule 193.4(a) provides:

(a) *Hearing.* Any party may at any reasonable time request a hearing on an objection or claim of privilege asserted under this rule. The party making the objection or asserting the privilege must present any evidence necessary to support the objection or privilege. The evidence may be testimony presented at the hearing or affidavits served at least seven days before the hearing or at such other reasonable time as the court permits.

order quashing the deposition on written questions and subpoena duces tecum constitutes an abuse of discretion and permit them to proceed with their discovery from CenterMark Real Estate, LLC.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005). There is no adequate remedy by appeal when an appellate court cannot remedy a trial court's discovery error. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004). The remedy by appeal may be inadequate where the trial court disallows discovery and the missing discovery is not part of the record, thereby denying the reviewing court the ability to evaluate the effect of the trial court's error. *Walker v. Packer*, 827 S.W.2d 833, 843-44 (Tex. 1992).

Rule 193.4(a) provides that, "[t]he party making the objection or asserting the privilege must present *any evidence necessary* to support the objection or privilege." Tex. R. App. P. 193.4 (emphasis supplied). As shown by the plain language of the rule, evidence may not always be necessary to support an objection. *In re Union Pacific Resources Co.*, 22 S.W.3d 338, 339 (Tex. 1999) (per curiam) (holding trial court was within its discretion to sustain objections to discovery based on relevance even though relator did not adduce evidence in support of its objections). Evidence is not necessary to support an objection if the discovery requests themselves demonstrate overbreadth as a matter of law. *In re Memorial Hermann Healthcare Sys.,* 274 S.W.3d 195, 202 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). The objections in this case, on grounds of relevance and overbreadth, can be determined from the face of the pleadings without evidence. We conclude that the trial court did not abuse its discretion in ruling on

5

the motion to quash without conducting a hearing.

The scope of discovery includes information that is relevant to the subject matter of the case, even if it would not be admissible at trial, as long as the information sought is "reasonably calculated to lead to the discovery of admissible evidence." *See* Tex. R. Civ. P. 192.3(a). A central consideration in determining overbreadth is whether the discovery request could have been more narrowly tailored to avoid inclusion of tenuous information and still obtain the necessary pertinent information. *In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003). A trial court abuses its discretion when it compels overly broad discovery. *In re Graco Children's Prods., Inc*., 210 S.W.3d 598, 600 (Tex. 2006) (per curiam).

After reviewing the discovery requests in light of the allegations in the pleadings, we conclude that the trial court abused its discretion in quashing the deposition on written questions and subpoena duces tecum in their entirety, and an appellate remedy would be inadequate. We conclude that Questions 12-16 and Document Requests 1 (A), 1(B), 2(A), 2(B), and 3 are reasonably calculated to lead to the discovery of admissible evidence and narrowly tailored to relators' fraud claims and the specific property at issue in this case. Question 17 is not reasonably calculated to lead to the discovery of admissible evidence. Document Requests 1(C)-(F), 2(C)-2(E), and-4-8 seek information about *any* property owned by Atco, and are overbroad. These requests could have been more narrowly tailored to address the property at issue in the underlying suit.

We therefore conditionally grant the petition for a writ of mandamus in part and direct the trial court to vacate its January 3, 2012 order quashing the deposition on written questions and subpoena duces tecum, as to CenterMark Real Estate, LLC, and to issue an order permitting discovery of Questions 12-16 and Document Requests 1(A), 1(B), 2(A),

6

2(B), and 3. The writ will issue only if the trial court fails to act in accordance with this opinion.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.